IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMBER SCHEIDT, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CASE NO. 8:24-cv-00275<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Costco Wholesale Corporation ("COSTCO") hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint.

## I. PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff Amber Scheidt, an Individual, hereinafter "Plaintiff'), seeks to recover damages as a result of personal injuries arising out of incidents which occurred beginning April 28, 2020.

**RESPONSE:** COSTCO admits that Plaintiff has brought a civil action seeking alleged damages, but denies that it caused any injury to Plaintiff or that it is liable to her for any alleged damages and denies any remaining allegations contained in Paragraph 1 of the Complaint.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court pursuant to Nebraska Code Section 24-302, Neb. R.R.S. 1943. Furthermore, venue is conferred pursuant to Nebraska Statute Section 25-403.01.

**RESPONSE:** COSTCO states that jurisdiction and venue are proper in this Court pursuant to bases ser forth in COSTCO's notice of removal. (Doc. # 1). COSTCO denies the remaining allegations contained in Paragraph 2 of the Complaint.

### III. PARTIES

3. Plaintiff Amber Scheidt was at all times material hereto a citizen of the United States and a resident of Council Bluffs, Pottawattamie County, Iowa. At the time of the actions Plaintiff was 28 years of age and had a life expectancy of 53.49 more years under the 2001 CSO mortality tables. She has a severe hearing loss and is considered disabled under the Americans with Disabilities Act of 1990 (ADA).

**RESPONSE:** COSTCO lacks knowledge or information to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies them.

4. That Defendant Costco Wholesale Corporation is a Foreign Corporation licensed to do business in LaVista, Sarpy County, Nebraska, where Plaintiff's injury occurred which forms the subject of this lawsuit.

**RESPONSE:** COSTCO admits that it owns and operates a membership-based retail warehouse in LaVista, Nebraska, and that Plaintiff worked in said warehouse. COSTCO lacks knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 4 of the Complaint and therefore denies them.

### IV. STATEMENT OF THE CLAIM

5. On or about April 28, 2020, Plaintiff Amber Scheidt was seriously injured as a result of an incident arising out of, and in the course of her employment with Defendant, Costco Wholesale Corporation. Plaintiff was lifting large bags of dog food and felt severe pain in her low back radiating down her right leg, causing personal injuries to Plaintiff. The injuries interfered with her ability to engage in her normal daily life activities as well as her job and was therefore covered under the Americans with Disabilities Act. As a result of the injury she filed a Worker's Compensation Claim against her employer.

**RESPONSE:** COSTCO admits that Plaintiff filed a Workers' Compensation Claim related to an alleged injury at work. COSTCO lacks knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 5 of the Complaint and therefore denies them

6. Defendants violated Plaintiff's Civil Rights by the following acts or omissions:

a) **Retaliation:** Plaintiff made a Workers' Compensation claim and sought treatment and was discriminated against because she had made a Workers' Compensation Claim, including, but not limited to withdrawing a previous produce position assignment that would have accommodated her work restrictions and disabilities.

b) **Americans with Disabilities Act:** Plaintiff was discriminated against because of her request for accommodations for her hearing loss and back injury. Plaintiff sustained an injury at work for which her physician limited her to a sitting position. She was given accommodations that involved answering telephones. She was also assigned security duties outside, with her only means of communication being a walkie talkie. Plaintiff is considered deaf and unable to hear people on the other end of phone calls. Therefore, qualifying Plaintiff with a disability. The Plaintiff is a member of a protected group based on her disability.

**RESPONSE:** COSTCO admits that Plaintiff filed a Workers' Compensation claim and that she was offered temporary transitional duties that included answering telephones and security duties. COSTCO denies that it is responsible or liable for any alleged injury suffered by Plaintiff. COSTCO lacks knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 6 of the Complaint and therefore denies them.

7. Each of the acts on the part of Defendants, either singularly or in combination with another, constituted the proximate cause of the damages and injuries suffered by Plaintiff.

**RESPONSE:** COSTCO denies the allegations contained in Paragraph 7 of the Complaint.

## V. INJURIES

8.      As a direct and proximate result of the actions of Defendants, Plaintiff Amber Scheidt has sustained severe and permanent injuries including emotional distress.

**RESPONSE:** COSTCO denies the allegations contained in Paragraph 8 of the Complaint.

## VI. DAMAGES

9.      That as a direct and proximate result of the actions of Defendants, Plaintiff has suffered and incurred damages in the past and will continue to suffer and incur damages in the future that include, but are not limited to, lost wages, past and future; medical expenses, past and future; past and future; physical and mental pain and suffering, past and future; loss of body, past and future; and permanent injury and impairment, all to her damage and detriment.

**RESPONSE:**  COSTCO denies the allegations contained in Paragraph 9 of the Complaint.

## VII. JURY DEMAND

10.     Plaintiff does hereby request a trial by jury in the above-captioned matter.

**RESPONSE:** This paragraph requires no response.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendants in an amount that will reasonably compensate her for her damages with interest and costs as provided by law, attorney fees, and any other and further relief as this Court deems just and equitable.

**RESPONSE:** This paragraph contains legal conclusions and requires no response. COSTCO denies that it is responsible or liable for any alleged damages suffered by Plaintiff.

## IX. DEFENSES AND AFFIRMATIVE DEFENSES

In addition to the admissions, denials, and other responses set forth above, COSTCO also

asserts the following defenses. In pleading these defenses, COSTCO does not assume any burdens of production or proof that it would not otherwise have. Further, COSTCO specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, which may become apparent at any time during the course of this litigation.

## FIRST DEFENSE

The claim asserted by Plaintiff is barred in whole or in part for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent the claim asserted by Plaintiff is based on acts that occurred prior to any applicable statute of limitations, such claim is time barred.

## THIRD DEFENSE

COSTCO has valid and appropriate anti-discrimination, anti-harassment, and anti-retaliation policies that include mechanisms for the reporting of complaints and Plaintiff failed or refused to fully exhaust the available options under those policies or fully exhaust measures intended to resolve their alleged concerns.

## FOURTH DEFENSE

To the extent Plaintiff alleges that any of COSTCO's employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by COSTCO, and was undertaken without the knowledge or consent of COSTCO. Thus, COSTCO is not liable for any such conduct, if it occurred.

## FIFTH DEFENSE

The claim asserted by Plaintiff is barred in whole or in part because any acts or omissions

by COSTCO were undertaken for legitimate, non-discriminatory, non-retaliatory reasons.

## SIXTH DEFENSE

Throughout the relevant period, COSTCO maintained and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful harassment, discrimination, or retaliatory conduct by its employees.

## SEVENTH DEFENSE

To the extent Plaintiff has any claim for relief, which COSTCO denies, any such claim is barred in whole or in part by her failure to undertake reasonable measures to avoid the consequences of the alleged actions about which she complains.

## EIGHTH DEFENSE

The claim asserted by Plaintiff, and damages sought therefore, are barred in whole or in part because Plaintiff failed to properly mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

## NINTH DEFENSE

The claim asserted by Plaintiff is barred in whole or in part by the doctrines of laches, estoppel, unclean hands, and/or waiver.

## TENTH DEFENSE

The claim asserted by Plaintiff is barred because she abandoned the interactive process.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action, including, but not limited to Plaintiff's failure to exhaust her administrative remedies.

**TWELTH DEFENSE**

Plaintiff's averred damages must be reduced, in whole or in part, to the extent that Defendant discovers after-acquired evidence for which Plaintiff would have been terminated, not hired, suspended, and/or medically disqualified.

**THIRTEENTH DEFENSE**

Defendant has made good faith efforts to prevent discrimination in its workplace and cannot be liable for decisions of its agents, if any, or for punitive damages, to the extent the challenged employment decision was contrary to its good faith efforts to comply with anti-discrimination statutes.

**FOURTEENTH DEFENSE**

Plaintiff failed to request an accommodation or otherwise notify Defendant that she needed any specific accommodation to perform the essential functions of her job.

**FIFTEENTH DEFENSE**

Any accommodation requested or that might have been necessary for Plaintiff because of an alleged disability was unreasonable and/or would have imposed an undue hardship on Defendant.

**SIXTEENTH DEFENSE**

Defendant made good faith efforts to identify and make a reasonable accommodation for Plaintiff, to the extent one was even possible.

**SEVENTEENTH DEFENSE**

Plaintiff is not entitled to recover any compensatory or punitive damages because neither Defendant, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did

not authorize or ratify any such act.

## EIGHTEENTH DEFENSE

If Plaintiff establishes by a preponderance of the evidence that Defendant's actions toward Plaintiff were based on an unlawful motive, Defendant would have taken the same action despite any such unlawful motive.

Dated this 31st day of July, 2024.

        COSTCO WHOLESALE
        CORPORATION, Defendant,


By:  /s/ Sarah M. Huyck
      Lindsay K. Lundholm (NE# 22224)
      Sarah M. Huyck (NE # 27046)
of  BAIRD HOLM LLP
      1700 Farnam Street
      Suite 1500
      Omaha, NE  68102-2068
      Phone: 402-344-0500
      Email:  llundholm@bairdholm.com
      Email: shuyck@bairdholm.com

      Uma Chandrasekaran (*admitted pro hac vice*)
      Seyfarth Shaw LLP
      233 South Wacker Drive, Suite 8000
      Chicago, Illinois 60606
      Telephone: 312-460-5214
      Facsimile: 312-460-7000
      E-mail: uchandrasekaran@seyfarth.com

      Nicholas Gillard-Byers (*admitted pro hac vice*)
      Seyfarth Shaw LLP
      999 Third Ave., Suite 4700
      Seattle, Washington 98104
      Telephone: 206-946-4997
      E-mail: ngillard-byers@seyfarth.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of July, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    T.J. Pattermann
    tjpattermann@sgallnerlaw.com

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    N/A

                                          /s/Sarah M. Huyck

6441493.3